BOWES, Judge.
This case arises out of a summary proceeding brought by the Town of Lutcher against Carrie Lewis d/b/a Child’s World Development Center (Carrie Lewis) for failure to pay occupational license taxes pursuant to Municipal Ordinance Number 87-1. The trial court rendered judgment in favor of Carrie Lewis, finding that no occupational license fee was due by her under this ordinance.
We reverse.
On June 3, 1987 pursuant to LSA-R.S. 47:341[1] et seq., the Town of Lutcher passed Ordinance Number 87-1, amending and re-enacting Chapter 1 of Part 10 of its Code of Ordinances relative to the imposition of an occupational license tax.
Section 10-1001 provides that:
There is hereby levied an occupational license tax for the year 1988 and for each subsequent year, upon each person pursuing and conducting any business, trade, calling, profession, or vocation within the corporate limits of the Town of Lutcher, Louisiana, subject to license under the Louisiana Constitution and laws of this state.
The definition of “person” includes and “individual, firm, corporation, partnership, association, or other legal entity.” LSA-R.S. 47:342 [2].
Section 10-1002 fixed the amount taxable as the same amount as that set forth in *1324 R.S. 47:341 et seq. LSA-R.S. 47:354[3] sets the amount of tax at $50.00 for a retail provider of services at a fixed location whose gross sales fall between $0 — $50,-000.
Carrie Lewis holds a Class A Day Care license issued by the State of Louisiana. Children are placed with her by the Department of Health and Human Resources (DHHR) for both foster care and day care.
After its enactment, the Town of Lutcher notified Ms. Lewis of Ordinance Number 87-1 and requested that she obtain the license and pay the tax due. Ms. Lewis refused and the Town of Lutcher filed for summary proceedings for judgment for failure to pay occupational license taxes pursuant to Municipal Ordinance 87-1 and for judgment ordering her to cease doing business until taxes, interests, penalties and costs are paid.
At the hearing, it was established that Carrie Lewis’ services as a provider of foster care are performed on a non-profit, volunteer basis, with a specified sum for each child given to her by DHHR to compensate her for expenses incurred in providing foster care. DHHR also pays Ms. Lewis a monthly sum for each child placed in her home for day care.
The trial court ruled that Municipal Ordinance Number 87-1 did not apply to Carrie Lewis. In his reasons for judgment the trial court said that LSA-R.S. 46:1402[4], which regulates the licensing of day care centers, did not pre-empt the field and therefore the Town of Lutcher could have adopted an ordinance regulating, licensing and taxing day care facilities. However, he found that Municipal Ordinance 87-1 was not such an ordinance, first because it did not contain regulatory language and second because the license fee in such an ordinance would more properly be based on the number of children in the facility rather than on “gross sales” [5].
On appeal, the Town of Lutcher concedes that Ms. Lewis’ services as a provider of volunteer foster care do not constitute a business so as to fall within the purview of Municipal Ordinance 87-1. However, they allege that her contracts with DHHR to provide day care in her house constitutes providing services at a fixed location and so falls within the purview of LSA-R.S. 47:354, supra.
The Town of Lutcher does not allege as error the trial court’s findings that the ordinance does not regulate child care facilities. Rather, the Town alleges as error *1325 the trial court’s finding that because the ordinance does not provide for licensing day care centers, it cannot be applied to Ms. Lewis.
Ms. Lewis argues on appeal that the tax constitutes an income tax in violation of Louisiana Constitution of 1974, Article VII, Section 4(C)[6].
We find the recent decision of the Louisiana Supreme Court in Mire v. City of Lake Charles, supra to be controlling in the present case. In Mire, the plaintiff, an attorney, sought to have declared unconstitutional an ordinance almost identical to the one considered here[7] insofar as it was assessed against attorneys practicing in Lake Charles, on the basis that the ordinance imposed an unconstitutional income tax and also because it interfered with the Louisiana Supreme Court’s exclusive authority to regulate the practice of law in Louisiana. The district court declared the ordinance unconstitutional on the basis that it imposed an income tax, reasoning that a tax compounded annually on a percentage of gross receipts for the previous years was an income tax and the learned trial judge in the case sub judice seems to have relied, in part, on that district court decision.
However, the Louisiana Supreme Court reversed, holding that:
The occupation tax levied by Ordinance No. 8471 is not a direct tax upon income of employees, but is an indirect tax on the activity and privilege of conducting a trade, business or profession within the City of Lake Charles. The fixing of the amount of the tax on the basis of gross receipts of the business, while perhaps providing for greater equality and uniformity, does not convert the indirect occupation tax into a direct income tax. [emphasis supplied in original opinion, footnote omitted]
At page 954.
The Louisiana Supreme Court also determined that the ordinance in question “is not a regulatory measure; it is a revenue raising measure”. Mire, supra, at 954.
Similarly, here, we find that the trial court erred in finding that no occupational fee is due under this ordinance by Carrie Lewis as the proven facts in the record reveal that Ms. Lewis provides day care services for DHHR at her home, thereby falling within the category of persons who provide services at a fixed location within the territorial jurisdiction of the municipality. Accordingly, the Town had authority to impose the tax under Municipal Ordinance 87-1, Section 10-1002 and LSA-R.S. 47:354. It is conceded by appellant that Lewis’ income is less than $50,000.00 yearly. Therefore the tax assessed against her is $50.00 under section 47:354, supra.
For these reasons, the judgment of the district court is reversed, and judgment is rendered in favor of the Town of Lutcher for $50.00 plus interest together with any interest and penalties as provided by law. Costs of this appeal are assessed against the defendant, Carrie Lewis.
REVERSED.

. LSA-R.S. 47:341(A) provides:
Any municipality or parish shall have the right to impose a license tax on any person conducting any business herein enumerated within the territorial jurisdiction of the municipality or parish at a rate which shall not exceed the maximum tax rates set forth in this Chapter, provided that the imposition of such license tax is approved by two-thirds of the elected members of the municipal or parochial governing authority and after affording the public an opportunity to comment at a minimum of three public hearings.

. Section 10-1002 of Ordinance Number 87-1 provides that R.S. 47-331 through 363 are made a part of the ordinance by reference as if written therein in extenso.

.LSA-R.S. 47:354 provides in part:
A. For every fixed location retail dealer in merchandise, services, and rentals, including but not limited to all business enumerated in this Section, the license shall be based on the total business activity and shall be based on the table below:
If the Gross Sales are:
As Much As But Less Than The Annual License Shall Be:
f 0 $50,000 $50
50,000 75,000 60
75,000 100,000 90
100,000 150,000 120
[[Image here]]

.LSA-R.S. 46:1402 provides:
It is the intent of the legislature to protect the health, safety, and well-being of the children of the state who are in out-of-home care on a regular or consistent basis. Toward that end, it is the purpose of this Chapter to establish statewide minimum standards for the safety and well-being of children, to insure maintenance of these standards, and to regulate conditions in these facilities through a program of licensing. It shall be the policy of the state to insure protection of all individuals under care in child care facilities and placement agencies and to encourage and assist in the improvement of programs. It is the further intent of the legislature that the freedom of religion of all citizens shall be inviolate. This Chapter shall not give the Department of Health and Human Resources jurisdiction or authority to regulate, control, supervise, or in any way be involved in the form, manner, or content of any curriculwn or instruction of a school or facility sponsored by a church or religious organization so long as the civil and human rights of the clients and residents are not violated.

.The trial judge stated that he considered the district court ruling in Francis E. Mire v. City of Lake Charles, No. 87-2846, 14th Judicial District Court, Parish of Calcasieu [which was subsequently overruled, Mire v. City of Lake Charles, 540 So.2d 950 (1989) ].

. Louisiana Constitution of 1974, Article VII, Section 4(C) provides: "A political subdivision of the state shall not levy a severance tax, income tax, or tax on motor fuel.”

. The Lake Charles ordinance contained these provisions:
Section 12-1 of the ordinance levied an annual occupational license tax upon "each person pursuing or conducting a trade, profession, occupation, vocation, calling or business within the City of Lake Charles, Louisiana” which may be subject to an occupational license tax under state law. Section 12-7, which provides definitions of words and terms used in the ordinance, defined "business" as “any business, trade, profession, occupation, vocation or calling”, and defined "person” as "an individual, firm, corporation, partnership, association, or other legal entity”. See La.R.S. 47:342(1) and (9).
Section 12-27 fixed the amount of tax at the maximum amount collectable by a governing authority under La.R.S. 47:354-359.
Mire v. City of Lake Charles, supra at 951.